Omar J. Alaniz, State Bar No. 24040402
Kevin Chiu, State Bar No. 24109723
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
Email: omar.alaniz@bakerbotts.com
　　　　kevin.chiu@bakerbotts.com

*Counsel for Portfolio Secure Lone, LLC*

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| ERIC C. BLUE, | ) ) | Case No. 19-33568-7 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| CAPITAL PARK MANAGEMENT COMPANY, LLC | ) ) ) | Case No. 19-33569-7 |
| Debtor. | ) ) ) | |
| In re: | ) ) | Chapter 7 |
| CAPITAL PARK PRIVATE EQUITY PARTNERS, LLC | ) ) ) | Case No. 19-33571-7 |
| Debtor. | ) ) | |

**PORTFOLIO SECURE LONE, LLC'S MOTION FOR ENTRY OF AN ORDER
(I) DIRECTING JOINT ADMINISTRATION OF RELATED CHAPTER 7 CASES
AND (II) GRANTING RELATED RELIEF**

1.  Portfolio Secure Lone, LLC ("<u>Portfolio</u>") as petitioner to the above-captioned chapter 7 cases (the "<u>Chapter 7 Cases</u>") submits this motion (the "<u>Motion</u>") for entry of an order, substantially in the form attached hereto as **<u>Exhibit A</u>** (the "<u>Order</u>"), pursuant to Rules 1005, 1015(b), and 2002(n) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "<u>Local Rules</u>"), (a) directing procedural consolidation and joint administration of the related chapter 7 cases of Eric C. Blue, Capital Park Management Company, LLC and Capital Park Private Equity Partners, LLC (collectively, the "<u>Debtors</u>") and (b) granting related relief.  Portfolio requests that the Court maintain one file and one docket for all of the jointly-administered cases under the case of Eric C. Blue and that the Court administer these chapter 7 cases under a consolidated caption, as follows:

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| ERIC C. BLUE, *et al.*, | ) ) | Case No. 19-33568-7 (HDH) |
| Debtor. | ) ) ) | (Jointly Administered) |

2.  Portfolio also requests that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Eric C. Blue to reflect the joint administration of these chapter 7 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas directing joint administration of the chapter 7 cases of: Eric C. Blue, Case No. 19-33568-7; Capital Park Management Company, LLC, Case No. 19-33569-7; and Capital Park Private Equity Partners, LLC, Case No. 19-33571-7.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-33568-7 (HDH).**

3.      For the reasons set forth herein, Portfolio submits that the relief requested in this Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest, and therefore respectfully request that such relief be granted.

### BACKGROUND, JURISDICTION, AND VENUE

4.      On October 30, 2019 (the "Petition Date"), Portfolio filed with this Court three involuntary petitions, one for each of the Debtors for relief under chapter 7 of the Bankruptcy Code.

5.      The United States Bankruptcy Court for the Northern District of Texas (the "Court") has jurisdiction over these cases, the Debtors, property of the Debtors' estates and this matter under 28 U.S.C. §§ 157 and 1334.  This is a core proceeding under 28 U.S.C. § 157(b).

6.      Venue of these cases and this Motion in this District is proper under 28 U.S.C. §§ 1408 and 1409.

7.      The statutory basis for the relief requested herein are sections 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1005, 1015, and 2002 and Local Rule 1015-1.

### BASIS FOR RELIEF

8.      Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Section 101(2) of the Bankruptcy Code, in turn, defines the term "affiliate," in pertinent parts, as:

   a. [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor;

3

    b. [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor;

    c. [a] person whose business is operated under a lease or operating agreement by a debtor, or person substantially all of whose property is operated under an operating agreement with the debtor; or

    d. an entity that operates the business or substantially all of the property of the debtor under a lease or operating agreement.

11 U.S.C. § 101(2).

9. The Debtor entities are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein. Bankruptcy Local Rule 1015-1 further provides for the joint administration of related chapter 7 cases.

10. Eric C. Blue is the sole manager and member of Capital Park Management Company, LLC. Capital Park Management Company, LLC is the sole manager of Capital Park Private Equity Partners. As of February 1, 2019, Eric C. Blue is one of several member-equity owners, holding 1% in Class A Interest and 80% in Class B Interest. As such, the Debtors are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, this Court is authorized to jointly administer these cases for procedural purposes under Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1.

11. Portfolio anticipates that numerous notices, applications, motions, other pleadings, hearings, and orders in these cases will affect several or all of the Debtors. The failure to jointly administer these three cases—each with its own case docket—would result in numerous duplicative filings for each issue. Further, joint administration will relieve the Court of entering duplicative orders and maintaining duplicative files and dockets. The Office of the

United States Trustee for the Northern District of Texas (the "U.S. Trustee") and other parties in interest will similarly benefit from joint administration, sparing them the time and effort of reviewing duplicative pleadings and papers.

12. Joint administration will save time and money and avoid such duplicative and potentially confusing filings by permitting counsel for all parties in interest to: (a) use a single caption on the numerous documents that will be served and filed in these chapter 7 cases; (b) file the pleadings in one case rather than in multiple cases; and (c) refer to one case docket in order to review all pleadings filed in these chapter 7 cases. Further, joint administration will protect parties in interest by ensuring that parties in each of the Debtors' respective cases will be apprised of the various matters before the Court in these chapter 7 cases.

13. The rights of the Debtors' creditors will not be adversely affected by joint administration of these chapter 7 cases because this Motion requests only the administrative consolidation of the estates for procedural purposes and does not seek substantive consolidation. Creditors and other parties in interest will maintain their rights against each of the respective estates, as applicable. Entry of an order directing joint administration will: (a) substantially reduce the volume of pleadings that otherwise would be filed with the Clerk of this Court; (b) render the completion of various administrative tasks less costly; and (c) minimize the number of unnecessary delays associated with the administration of multiple separate chapter 7 cases.

## NOTICE

14. Notice of this Motion will be provided to (a) the U.S. Trustee; (b) the Debtors; and (c) any that has requested notice pursuant to Bankruptcy Rule 2002. The Portfolio respectfully submits that such notice is sufficient and that no further notice of this Motion is required.

## **N**O **P**RIOR **R**EQUEST

15. No prior request for the relief sought herein has been made to this or any other Court.

**WHEREFORE**, Portfolio respectfully requests that the Court enter the Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested in this Motion, and granting such other and further relief the Court may deem proper.

Dated: October 31, 2019

Respectfully submitted,

/s/ Omar J. Alaniz
Omar J. Alaniz, State Bar No. 24040402
Kevin Chiu, State Bar No. 24109723
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
Email: omar.alaniz@bakerbotts.com
  kevin.chiu@bakerbotts.com

*Counsel for Portfolio Secure Lone, LLC*

## Exhibit A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERIC C. BLUE, | ) | Case No. 19-33568-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| CAPITAL PARK MANAGEMENT COMPANY, LLC | ) | Case No. 19-33569-7 |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 7 |
| | ) | |
| CAPITAL PARK PRIVATE EQUITY PARTNERS, LLC | ) | Case No. 19-33571-7 |
| | ) | |
| Debtor. | ) | |

**ORDER (I) DIRECTING JOINT ADMINISTRATION OF RELATED
CHAPTER 7 CASES AND (II) GRANTING RELATED RELIEF**

This matter coming before this Court upon the motion (the "Motion") filed by the Portfolio Secure Lone, LLC ("Portfolio") for entry of an order (this "Order") in the above-captioned chapter 7 cases of Eric C. Blue, Capital Park Management Company, LLC, and Capital Park Private Equity Partners, LLC (collectively, the "Debtors"), pursuant to Rules 1005, 1015 and 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 1015-1 of the Local Bankruptcy Rules of the United States Bankruptcy Court for the Northern District of Texas (the "Local Rules"), directing the procedural consolidation and joint administration of the Debtors' chapter 7 cases, all as further described in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested therein under 28 U.S.C. §§ 157 and 1334; and this Court having found that this is a core proceeding under 28 U.S.C. § 157(b)(2); and this Court having reviewed the Motion and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.  The Motion is GRANTED.

2.  The above-captioned chapter 7 cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 19-33568-7 in accordance with the provisions of Bankruptcy Rule 1015 and Local Rule 1015-1.

3.  The caption of the jointly administered cases should read as follows:

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

|  |  |
|---|---|
| In re: ERIC C. BLUE, *et al.*,           Debtor. | ) ) Chapter 7 ) ) Case No. 19-33568-7 (HDH) ) ) (Jointly Administered) ) |

4. A docket entry, substantially similar to the following, shall be entered on the dockets of each of the Debtors other than Eric C. Blue:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Northern District of Texas directing joint administration of the chapter 7 cases of: Eric C. Blue, Case No. 19-33568-7; Capital Park Management Company, LLC, Case No. 19-33569-7; and Capital Park Private Equity Partners, LLC, Case No. 19-33571-7. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 19-33568-7 (HDH).**

5. The Debtors shall maintain, and the Clerk of the United States Bankruptcy Court for the Northern District of Texas shall keep, one consolidated docket, one file, and one consolidated service list for these chapter 7 cases.

6. Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effectuating a substantive consolidation of the Debtors or their estates.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation or interpretation of this Order.

**# # End of Order # #**

4

Order submitted by:

/s/ Omar J. Alaniz
Omar J. Alaniz, State Bar No. 24040402
Kevin Chiu, State Bar No. 24109723
**BAKER BOTTS L.L.P.**
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
Email: omar.alaniz@bakerbotts.com
       kevin.chiu@bakerbotts.com

*Counsel for Portfolio Secure Lone, LLC*