United States Department of Justice
Office of the United States Trustee
1100 Commerce St.  Room 976
Dallas, Texas  75242
(214) 767-1079
Meredyth A. Kippes, Trial Attorney
State Bar No. 24007882

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **In re:** § | | |
| § | | |
| **Eric C. Blue, et al.,** § | **CASE NO. 19-33568-bjh7** | |
| § | | |
| **Debtors.** § | | |

_____

| | | |
|---|---|---|
| § | | |
| **WILLIAM T. NEARY,** § | | |
| **UNITED STATES TRUSTEE,** § | | |
| § | | |
|     **PLAINTIFF,** § | **ADVERSARY NO._____** | |
| § | | |
| **v.** § | | |
| § | | |
| **Eric C. Blue,** § | **HON. BARBARA J. HOUSER** | |
| § | | |
|     **DEFENDANT.** § | | |

**COMPLAINT OBJECTING TO DEBTOR'S DISCHARGE OR, IN THE
ALTERNATIVE, FOR DISMISSAL UNDER 11 U.S.C. § 707(a)**

NOW COMES the United States Trustee for Region 6 and files this Complaint Objecting to Debtor's Discharge or, in the Alternative, for Dismissal under 11 U.S.C. § 707(a), and would respectfully show the Court the following:

**Complaint**                                                                                                                                 **Page 1 of 17**

## JURISDICTION AND VENUE

1. This Complaint is filed in accordance with 11 U.S.C. §§ 307 and 727. The Court has jurisdiction to hear and determine this complaint pursuant to 28 U.S.C. § 157(b)(2)(J) and the Standing Order of Reference of the United States District Court for the Northern District of Texas.

2. Venue of this proceeding is in the United States District Court for the Northern District of Texas in accordance with 28 U.S.C. § 1409(a).

## PARTIES

3. The Plaintiff is the United States Trustee for Region 6.

4. The Defendant is Eric C. Blue ("Mr. Blue" or the "Defendant"). The Defendant may be served at 3140 Harvard Avenue, Dallas, Texas 75205, which is the address listed on the involuntary bankruptcy petition initiating this case.

5. Upon information and belief, Mr. Blue may also be served at the following addresses:

2100 Cedar Springs Road
Suite 602, Dallas, Texas 75201

8117 Preston Road, Suite 300
Dallas, Texas 75225

1213 O Street NW
Washington, D.C. 20005

## FACTS

6. Portfolio Secure Lone, LLC ("PSL") filed an Involuntary Petition under chapter 7 of the Bankruptcy Code against Mr. Blue on October 29, 2019 (Main Case Docket Entry No. 1).

7. On October 30, 2019, the Clerk of Court issued a Summons to Debtor in an

Involuntary Case (Main Case Docket Entry No. 2) on Mr. Blue informing him that he had 21 days to respond to the Involuntary Petition.

8. On October 30, 2019, the Court entered the Standing Scheduling Order Regarding Involuntary Case (Main Case Docket Entry No. 3) setting a status conference in this involuntary proceeding for December 6, 2019 at 10:00 a.m.

9. On October 31, 2019, PSL filed a motion (Main Case Docket Entry No. 4) to jointly administer the individual involuntary case of Mr. Blue with the simultaneously filed involuntary cases of Mr. Blue's related entities, Capital Park Management Company, LLC (Case No. 19-33569) and Capital Park Private Equity Partners, LLC (Case No. 19-33571) (together, the "Corporate Debtors").

10. On October 31, 2019, PSL filed a notice of hearing of the motion for joint administration (Main Case Docket Entry No. 5) setting a hearing on that motion for December 6, 2019 at 10:00 a.m. and noticing the status conference in the involuntary proceeding for the same date and time.

11. On October 31, 2019, counsel for PSL filed the summons service executed (Main Case Docket Entry No. 6) showing that the involuntary summons was served on Mr. Blue on October 31, 2019 at the following addresses:

2100 Cedar Springs Road, Suite 602, Dallas, Texas 75201;
8117 Preston Road, Suite 300, Dallas, Texas 75225; and
3140 Harvard Avenue, Suite 402, Dallas, Texas 75205

12. Mr. Blue did not, timely or untimely, file an answer or other response to the Involuntary Petition.

13. The Court entered the Order for Relief in an Involuntary Case (the "Order for

Relief," Main Case Docket Entry No. 8) on November 26, 2019.

14. The Court's BNC Notice (Main Case Docket Entry No. 12) reflects that the Order for Relief was served on Mr. Blue at the following address on November 28, 2019:

```
+Eric C. Blue,   3140 Harvard Avenue,   Suite 402,   Dallas, TX 75205-3417
```

15. The Order for Relief required Mr. Blue to file, pursuant to Bankruptcy Rule 1007(a)(2), a list containing the name and address of each of its creditors (the "Creditor Matrix") within 7 days from the date of entry of the Order for Relief.

16. The Order for Relief required Mr. Blue to file, pursuant to Bankruptcy Rule 1007(c), the bankruptcy schedules and statement of financial affairs required by 11 U.S.C. § 521 within 14 days from the date of entry of the Order for Relief.

17. In the event that Mr. Blue did not prepare and file the list of creditors, schedules and statement of financial affairs as directed by the Order for Relief, the Order for Relief further required, pursuant to Bankruptcy Rule 1007(k), PSL to prepare and file the papers within 30 days from the date of entry of the Order for Relief.

18. The Court entered an order jointly administering this case with the Corporate Debtors' cases on December 12, 2019 (Main Case Docket Entry No. 14).

19. Mr. Blue did not, timely or untimely, file his Creditor Matrix, Schedules or Statement of Financial Affairs.

20. Mr. Blue did not timely or untimely file a Creditor Matrix, Schedules or Statement of Financial Affairs for either of the Corporate Debtors.

21. In accordance with the Order for Relief, PSL filed a Creditor Matrix (Main Case Docket Entry No. 17), Schedules (Main Case Docket Entry No. 18) and Statement of Financial

Affairs (Main Case Docket Entry No. 19) in this case.

22. PSL also filed a Creditor Matrix, Schedules, and a Statement of Financial Affairs for each of the Corporate Debtors.

23. The first section 341 meeting of creditors in these jointly administered cases was set in this case on January 6, 2020 at 11:20 a.m. (the "First Meeting of Creditors").

24. Mr. Blue did not appear at the First Meeting of Creditors.

25. The chapter 7 trustee, Diane Reed (the "Trustee"), continued the section 341 meeting of creditors in these jointly administered cases to February 11, 2020 at 10:00 a.m. (the "Second Meeting of Creditors").

26. Mr. Blue did not appear at the Second Meeting of Creditors.

27. The Trustee again continued the section 341 meeting of creditors in these jointly administered cases to March 11, 2020 at 10:00 a.m. (the "Third Meeting of Creditors").

28. On March 6, 2020, the United States Trustee filed his *Motion to Extend Deadline by which the United States Trustee and/or the Chapter 7 Trustee may file a Complaint Objecting to Discharge under 11 U.S.C. § 727 or a Motion to Dismiss under 11 U.S.C. § 707 through and including May 5, 2020* (the "Original Motions to Extend" Main Case Docket Entry Nos. 23 and 24).

29. The Original Motions to Extend were set for hearing on April 3, 2020.

30. On March 6, 2020, after the filing of the Original Motions to Extend, Mr. Blue represented via email to the United States Trustee that he did not oppose the relief set forth in the Original Motions to Extend. *See* Main Case Docket Entry No. 27.

31. On March 9, 2020, Mr. Blue emailed the undersigned counsel, copy to Bradley

Perdue, requesting that the March 11, 2020 section 341 meeting of creditors be moved to March 18, 2020 because Mr. Blue had decided to retain counsel to assist him and that such counsel was working to get up to speed.

32. Mr. Blue represented in his March 9, 2020 email that he wanted the meeting reset so that his counsel could have time to prepare.

33. As of the date of the filing of this Complaint, no counsel has made an appearance on behalf of Mr. Blue in the Main Case and Mr. Blue has not provided the United States Trustee the name or contact information of his counsel.

34. Counsel for the United States Trustee replied to Mr. Blue's March 9, 2020 email – copy to Bradley Perdue, to David Elmquist, counsel for the Chapter 7 Trustee, and to Diane Reed, the Chapter 7 Trustee – requesting the contact information of Mr. Blue's new counsel, telling Mr. Blue that she could not reset the meeting of creditors because she did not set it, and telling Mr. Blue to confer with Ms. Reed and Mr. Elmquist regarding a resetting of the meeting.

35. On March 10, 2020, the Trustee emailed Mr. Blue – copy to David Elmquist, Linda Paquette-Gordan, Omar Alaniz, and the undersigned counsel – indicating that she would not be able to reset the section 341 meeting scheduled for March 11, 2020.

36. Mr. Blue replied that he had only gotten notice of the meeting that week and that he was in upstate New York, so would be unable to attend.

37. Mr. Blue did not appear at the Third Meeting of Creditors on March 11, 2020.

38. The Trustee continued the section 341 meeting of creditors in these jointly administered cases to April 14, 2020 at 12:00 p.m. (the "Fourth Meeting of Creditors").

39. On March 12, 2020, the United States Trustee filed his Motion to Compel Debtor

to Appear at Section 341 Meeting of Creditors (the "Original Motions to Compel," Main Case Docket Entry No. 28) seeking to compel Mr. Blue to appear at the Fourth Meeting of Creditors on April 14, 2020 on his own behalf and in the capacity of corporate representative of the Corporate Debtors.

40. Due to the limited closing of the Court due to the global pandemic of COVID-19 caused by the novel coronavirus, the Fourth Meeting of Creditors was reset to June 2, 2020 at 11:00 a.m. *See* Notice of Reset Meeting of Creditors, Main Case Docket Entry No. 30.

41. Due to the limited closing of the Court and the resetting of the Fourth Meeting of Creditors due to the global pandemic of COVID-19 caused by the novel coronavirus, the United States Trustee filed his Amended Motion to Extend Deadline by which the United States Trustee and/or the Chapter 7 Trustee may file a Complaint Objecting to Discharge under 11 U.S.C. § 727 or a Motion to Dismiss under 11 U.S.C. § 707 through and including July 6, 2020 (the "Amended Motions to Extend," Main Case Docket Entry Nos. 31 and 32) on March 18, 2020.

42. Also due to the limited closing of the Court and the resetting of the Fourth Meeting of Creditors due to the global pandemic of COVID-19 caused by the novel coronavirus, the United States Trustee filed his Amended Motion to Compel Debtor to Appear at Section 341 Meeting of Creditors (the "Amended Motion to Compel," Main Case Docket Entry No. 33) on March 18, 2020 seeking an order compelling Mr. Blue to appear at the Fourth Meeting of Creditors on June 2, 2020 on behalf of himself and in the capacity of corporate representative for the Corporate Debtors.

43. A hearing on the Amended Motions to Extend and the Amended Motion to Compel was set for May 20, 2020 at 9:30 a.m.

44. The United States Trustee served the Amended Motion to Compel, the Amended Motions to Extend, and the Notice of Hearing (Main Case Docket Entry No. 34) of both motions on Mr. Blue at the following addresses:

> Eric C. Blue
> 3140 Harvard Avenue, Suite 402
> Dallas TX 75205
> Email: Eric.Blue@bridgewaynational.com

45. On May 14, 2020, the Trustee filed her Expedited Motion for Order A) Compelling Debtors to File the Section 521 Documents and B) Holding Eric C. Blue in Contempt of Court if Such Documents are Not Timely Filed (the "Trustee's Motion to Compel," Main Case Docket Entry No. 49) seeking an order compelling Mr. Blue to file Schedules and a Statement of Financial Affairs (the "Section 521 Documents") for himself and for the Corporate Debtors by May 27, 2020.

46. The Trustee's Motion to Compel was set for hearing on May 20, 2020 at 9:30 a.m.

47. The Trustee served notice of her Motion to Compel (Main Case Docket Entry No. 51) on Mr. Blue at the following address:

> Eric C. Blue
> 3140 Harvard Avenue, Suite 402
> Dallas TX 75205
> Eric.Blue@bridgewaynational.com
> Eric.Blue@capitalpark.net

48. A hearing on the Amended Motions to Extend, the Amended Motion to Compel, and the Trustee's Motion to Compel was held on May 20, 2020 at 9:30 a.m.

49. Mr. Blue did not appear at the May 20, 2020 hearing on the Amended Motions to Extend, the Amended Motion to Compel, and the Trustee's Motion to Compel.

50. After presentation of evidence and argument, the Court granted the Amended Motions to Extend.

51. After presentation of evidence and argument, the Court granted the Amended Motion to Compel.

52. After presentation of evidence and argument, the Court granted the Trustee's Motion to Compel.

53. On May 20, 2020, the Court entered two orders granting the Amended Motions to Extend extending the deadline to file a discharge objection (Main Case Docket Entry No. 58) and/or a motion to dismiss (Main Case Docket Entry No. 57) to July 6, 2020.

54. On May 20, 2020, the Court entered the order granting the Trustee's Motion to Compel (the "Order Compelling Section 521 Documents," Main Case Docket Entry No. 56) requiring Mr. Blue to file the Section 521 Documents by May 27, 2020.

55. On May 21, 2020, the Court entered the order granting the Amended Motion to Compel (the "Order Compelling Section 341 Meeting Attendance," Main Case Docket Entry No. 59), which compels Mr. Blue to appear at the Fourth Meeting of Creditors on June 2, 2020 and any subsequently set continued section 341 meeting of creditors.

56. Specifically, the Order Compelling Section 341 Meeting Attendance required as follows:

**ORDERED** that Eric C. Blue **SHALL** appear at the section 341 meeting of creditors in these jointly administered cases scheduled for **June 2, 2020 at 11:00 a.m. via telephone conference**; and it is further

**ORDERED** that Eric C. Blue **SHALL** appear at the section 341 meeting of creditors in these joint administered cases in his individual capacity and in his capacity as the corporate representative of the Corporate Debtors; and it is further

**ORDERED** that Eric C. Blue **SHALL** use the following dial in information to appear at the Section 341 meeting of creditors in these jointly administered cases

```
Toll free number:   877-973-5157
Alternate number:   210-339-3384
Participant Code:   2585209
```

; and it is further

**ORDERED** that Eric C. Blue **SHALL** appear at any further continued section 341 meeting of creditors scheduled in these jointly administered cases.

57. On May 21, 2020, counsel for the United States Trustee served the Order Compelling Section 341 Meeting Attendance.

58. On May 21, 2020 counsel for the United States Trustee served the order granting the Amended Motion to Compel.

59. On May 21, 2020, counsel for the United States Trustee served the Order Compelling Section 521 Documents.

60. On May 21, 2020, counsel for the United States Trustee sent a hard copy of an email dated May 21, 2020 from Fareed Kaisani, one of Trustee's counsel, to Eric C. Blue – copy to Meredyth A. Kippes, Omar Alaniz, David Elmquist, and Cynthia Worthington – describing the order granting the Amended Motions to Extend, the order granting the Amended Motion to

Compel, the order granting the Trustee's Motion to Compel (the "Kaisani Email").

61. On May 21, 2020, counsel for the United States Trustee filed a Certificate of Service (the "Certificate of Service of Orders," Main Case Docket Entry No. 60) reflecting the service of the order granting the Amended Motions to Extend, the Order Compelling Section 341 Meeting Attendance, the Order Compelling Section 521 Documents, and the Kaisani Email on May 21, 2020 on Mr. Blue by First Class United States Mail and via Federal Express at the following address:

> Eric C. Blue
> Bridgeway National Corp.
> 3140 Harvard Avenue, Suite 402
> Dallas TX 75205

62. The Certificate of Service of the Orders also reflects that counsel for the United States Trustee served the order granting the Amended Motions to Extend and the Order Compelling Section 341 Meeting Attendance on Mr. Blue at the following email addresses on May 21, 2020:

Eric.Blue@capitalpark.net

Eric.Blue@bridgewaynational.com

ericcblue@gmail.com

63. Mr. Blue did not file the Section 521 Documents on behalf of himself by May 27, 2020.

64. Mr. Blue did not file the Section 521 Documents on behalf of the Corporate Debtors by May 27, 2020.

65. As of the filing of this Complaint, Mr. Blue has not filed the Section 521 Documents on behalf of himself or the Corporate Debtors.

66. Mr. Blue failed to appear at the Fourth Meeting of Creditors on June 2, 2020.

**COUNT I – 11 U.S.C. § 727(a)(6)(A) and (a)(7) – DEFENDANT HAS REFUSED, IN THE CHAPTER 7 CASE, TO OBEY LAWFUL ORDERS OF THE COURT**

67. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 66.

68. "The court shall grant the debtor a discharge, unless . . . the debtor has refused, in the case . . . to obey any lawful order of the court, other than an order to respond to a material question or to testify." 11 U.S.C. § 727(a)(6)(A). In order to carry its burden by a preponderance of the evidence, the party objecting to discharge must show (a) that the court entered an order directed at the debtor; (b) that the order was lawful; (c) that the order was not one requiring a response to a material question or to testify, and (d) that the debtor refused to obey the order. *In re Wells*, 426 B.R. 579, 608-09 (Bankr. N.D. Tex. 2006).

69. Once the party objecting to discharge meets its burden, the burden shifts to the debtor to explain his or her failure to comply. *Id*. Under section 727(a)(6) a debtor "cannot claim inadvertence or mistake, however, if the evidence presented establishes that the debtor was aware of the orders sent to him and simply disregarded them." *Id*. at 609-10.

70. In order to deny Mr. Blue's discharge under section 727(a)(6) with regard to actions taken in connection with the Corporate Debtors' cases, the Court must also find that Mr. Blue committed the acts specified in section 727(a)(6) "on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider." 11 U.S.C. § 727(a)(7).

71. Mr. Blue failed and refused to obey the Order for Relief by failing to file his Creditor Matrix within seven (7) days of the entry of the Order for Relief.

72. Mr. Blue failed and refused to obey the Order for Relief by failing to file his Schedules and his Statement of Financial Affairs within fourteen (14) days of the entry of the Order for Relief.

73. The Order for Relief did not require Mr. Blue to respond to a material question or to testify. It only required Mr. Blue to file documents with the Court.

74. Mr. Blue received notice of the Order for Relief from the Court's BNC Notice on November 28, 2019.

75. Mr. Blue failed and refused to obey the Order Compelling Section 341 Meeting Attendance by failing to appear at the Fourth Meeting of Creditors on June 2, 2020 on his own behalf and as corporate representative of the Corporate Debtors.

76. Mr. Blue received notice of the Order Compelling Section 341 Meeting Attendance in multiple ways as reflected by the United States Trustee's Certificate of Service of Orders filed with the Court on May 21, 2020.

77. The Order Compelling Section 341 Meeting Attendance did not require Mr. Blue to respond to a material question or to testify. It required only that he appear at the section 341 meeting of creditors.

78. Mr. Blue failed and refused to obey the Order Compelling Section 521 Documents by failing to file the Section 521 Documents for himself and for the Corporate Debtors by May 27, 2020.

79. The Order Compelling Section 521 Documents did not require Mr. Blue to

respond to a material question or to testify. It only required Mr. Blue to file documents with the Court.

80. Mr. Blue received notice of the Order Compelling Section 521 Documents in multiple ways as reflected by the United States Trustee's Certificate of Service of Orders filed with the Court on May 21, 2020.

81. Accordingly, the Court should deny the Defendant's discharge in accordance with 11 U.S.C. §§ 727(a)(6)(A) and (a)(7).

**COUNT II -- 11 U.S.C. § 727(a)(5) and (a)(7) – FAILURE TO EXPLAIN LOSS OF ASSET**

82. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 81.

83. "The court shall grant the debtor a discharge unless . . . the debtor has failed to explain satisfactorily, before determination of denial of discharge under this paragraph, any loss of assets or deficiency of assets to meet the debtor's liabilities." 11 U.S.C. § 727(a)(5).

84. In order to deny Mr. Blue's discharge under section 727(a)(5) with regard to actions taken in connection with the Corporate Debtors' cases, the Court must also find that Mr. Blue committed the acts specified in section 727(a)(5) "on or within one year before the date of the filing of the petition, or during the case, in connection with another case, under this title or under the Bankruptcy Act, concerning an insider." 11 U.S.C. § 727(a)(7).

85. Mr. Blue has failed to explain satisfactorily the loss of asset or deficiency of assets to meet his liabilities or the liabilities of the Corporate Debtors by failing, generally, to participate in these bankruptcy cases.

86. Specifically, Mr. Blue failed to appear at the First Meeting of Creditors, the

Second Meeting of Creditors, the Third Meeting of Creditors, and the Fourth Meeting of Creditors on behalf of himself and as corporate representative of the Corporate Debtors in accordance with Section 343 of the Bankruptcy Code, which provides that "[t]he debtor shall appear and submit to examination under oath at the meeting of creditors under section 341(a) of this title."

87. Further, Mr. Blue's failure to comply with the Order for Relief, the Order Compelling Section 341 Meeting Attendance, and the Order Compelling Section 521 Documents are further evidence of Mr. Blue's failure to explain loss of assets or deficiency of assets to meet his own liabilities and/or the liabilities of the Corporate Debtors.

88. Accordingly, the Court should deny the Defendant's discharge in accordance with 11 U.S.C. § 727(a)(5) and (a)(7).

## COUNT III – IN THE ALTERNATIVE, DISMISSAL OF THIS CASE UNDER 11 U.S.C. § 707(a)

89. The Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 88.

90. "The Court may dismiss a case under this chapter only after notice and a hearing and only for cause, including . . . . (1) unreasonably delay by the debtor that is prejudicial to creditors; (2) nonpayment of any fees or charges required under chapter 123 of title 28; and failure by the debtor in a voluntary case to file, within fifteen days or such additional time as the court may allow after the filing of the petition commencing such case, the information required by paragraph (1) of section 521(a), but only on a motion by the United States trustee." *See* 11 U.S.C. § 707(a).

91. Here, Mr. Blue's failure to appear at the First Meeting of Creditors, the Second

Meeting of Creditors, the Third Meeting of Creditors, and the Fourth Meeting of Creditors is prejudicial to his personal creditors and the creditors of the Corporate Debtors because it deprives them of their right to examine him under oath at the section 341 meeting of creditors. See 11 U.S.C. § 341(c).

92. Mr. Blue's failure to file his own Schedules and Statement of Financial Affairs is prejudicial to creditors because it does not give creditors a complete picture of his personal financial condition.

93. Mr. Blue's failure to file Schedules and Statements of Financial Affairs on behalf of the Corporate Debtors is prejudicial to creditors because it does not give the Corporate Debtors' creditors a complete picture of the Corporate Debtors' personal financial condition.

94. Accordingly, in the alternative, should the Court determine not to deny Mr. Blue's discharges as requested in Counts I and II of this Complaint, the Court should dismiss this case under 11 U.S.C. § 707(a) because Mr. Blue's non-participation in these jointly administered cases has been prejudicial to creditors.

DATED: June 26, 2020

Respectfully submitted,

WILLIAM T. NEARY
UNITED STATES TRUSTEE, REGION 6

 /s/ *Meredyth A. Kippes*
Meredyth A. Kippes
State Bar No. 24007882
Office of the United States Trustee
1100 Commerce Street, Room 976
Dallas, Texas  75242
(214) 767-1079
meredyth.a.kippes@usdoj.gov

## **CERTIFICATE OF SERVICE**

      I certify that I sent copy of the foregoing document via CM/ECF or via email on June 26, 2020 to the following parties.

                                                  */s/ Meredyth A. Kippes*
                                                  Meredyth A. Kippes

Eric C. Blue
Eric.Blue@bridgewaynational.com

Eric C. Blue
Eric.Blue@capitalpark.net

Eric C. Blue
ericcblue@gmail.com

Diane G. Reed
Chapter 7 Trustee
dreed@bcylawyers.com

David W. Elmquist
Reed & Elmquist, P.C.
delmquist@bcylawyers.com

Omar J. Alaniz
Baker Botts L.L.P.
Omar.Alaniz@bakerbotts.com

Fareed Iqbal Kaisani
Baker Botts L.L.P.
fareed.kaisani@bakerbotts.com

DARRELL W. COOK
DARRELL W. COOK & ASSOCIATES
dwcook@attorneycook.com
all@attorneycook.com