

CLERK, U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

# ENTERED

THE DATE OF ENTRY IS ON
THE COURT'S DOCKET

The following constitutes the ruling of the court and has the force and effect therein described.

*Michelle V. Larson*
_____

Signed September 2, 2020          United States Bankruptcy Judge

_____

### UNITED STATES BANKRUPTCY COURT
### NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ERIC C. BLUE, *et al.*,[1] | ) | Case No. 19-33568-7 |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

### ORDER FINDING ERIC C. BLUE IN CONTEMPT OF COURT
### AND REQUIRING TURNOVER OF FINANCIAL RECORDS

CAME ON FOR HEARING, the *Motion for Turnover of Financial Records* (the "Turnover Motion") and the *Motion for Order Finding Debtors in Civil Contempt of Court and Imposing Coercive Sanctions* (the "Contempt Motion", and together with the Turnover Motion, the "Motions")[2] filed by Diane G. Reed (the "Trustee"), the duly appointed Chapter 7 trustee of the above captioned administratively consolidated estates of Eric C. Blue ("Mr. Blue"), Capital Park Private Equity Partners, LLC ("Capital Park PEP"), and Capital Park Management Company, LLC

---

[1] The Debtors in these jointly administered chapter 7 cases are Eric C. Blue, Capital Park Management Company, LLC, and Capital Park Private Equity Partners, LLC.

[2] Capitalized terms not defined herein shall have the meaning ascribed to them in the Motions.

("Capital Park MC", and collectively, the "Debtors"). Upon consideration of the Motion, the arguments presented by counsel, the Court finds as follows:

1. This Court has jurisdiction over the Bankruptcy Case under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue in this Court is proper under 28 U.S.C. § 1408;

2. The Debtors received adequate notice of the Motions and the hearings thereon, and service of the Motions was proper under the circumstances;

3. Pursuant to section 105 of the Bankruptcy Code and Bankruptcy Rule 2005, Mr. Blue is in contempt of the Court by virtue of his failure to comply with the Bankruptcy Code and the Court's prior Orders (Dkt. Nos. 56 and 59); and

4. The relief requested in the Motions is in the best interest of the Debtors' estates, their creditors, and other parties-in-interest. Accordingly, it is hereby:

**ORDERED** that the Motions are Granted as provided herein; it is further

**ORDERED** that Mr. Blue may purge his contempt of the Court as follows: by no later than **September 11, 2020**, Mr. Blue must (a) file the Section 521 Documents required pursuant to the Court's prior Orders; (b) schedule a time with the Chapter 7 Trustee to attend the 341 meeting of each Debtor (including in his individual capacity) at his earliest possible convenience, with such 341 meeting to occur no later than September 30, 2020 (with the Chapter 7 Trustee's existing September 15, 2020 section 341 calendar being an acceptable and preferred date); (c) turn over the Financial Records more particularly described in the Turnover Motion; and (d) file a sworn statement explaining his failure to comply with the Court's prior orders; it is further

**ORDERED** that for each day that Mr. Blue fails to comply with this Order after September 11, 2020, Mr. Blue shall be required to pay $500 per day to the Clerk of Court as a civil sanction

for his conduct. Should Mr. Blue not comply with the terms of the Court's order and purge his contempt by September 11, 2020, then, upon the request of the Chapter 7 Trustee or the Office of United States Trustee, and with written certification of Mr. Blue's failure to purge his contempt of the Court, the Court will hold a show cause hearing on **September 22, 2020** at **9:30 a.m.,** at which time the Court will consider what further sanctions may be needed to compel Mr. Blue's compliance, including but not limited to, further monetary sanctions or the issuance of a bench warrant. Upon the docketing of the Court's order(s), the Chapter 7 Trustee is directed to serve Mr. Blue at all known physical or email addresses, including any registered agent(s) for the jointly administered Debtors; it is further

**ORDERED** the Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

### ### END OF ORDER ###

Order submitted by:

Fareed I. Kaisani, State Bar No. 24104017
2001 Ross Avenue, Suite 900
Dallas, Texas 75201-2980
Telephone: (214) 953-6500
Facsimile: (214) 953-6503
Email: fareed.kaisani@bakerbotts.com

-and-

Emanuel Grillo, Esq. (admitted *pro hac vice*)
30 Rockefeller Plaza
New York, New York 10012-4498
Telephone: (212) 408-2500
Facsimile: (212) 259-2501
emanuel.grillo@bakerbotts.com

COUNSEL FOR DIANE G. REED,
CHAPTER 7 TRUSTEE