David W. Elmquist – SBT #06591300
**REED & ELMQUIST, P.C.**
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)

**ATTORNEYS FOR DIANE G. REED, CHAPTER 7 TRUSTEE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| In re: | § | |
| | § | |
| ERIC C. BLUE, *et al.*, | § | CASE NO. 19-33568-MVL-7 |
| | § | (Jointly Administered) |
| | § | **Hearing Date: October 22, 2020** |
| Debtors. | § | **Hearing Time: 1:30 p.m.** |

**TRUSTEE'S STATUS REPORT OF NONCOMPLIANCE WITH 1) ORDER FINDING ERIC C. BLUE IN CONTEMPT OF COURT AND REQUIRING TURNOVER OF FINANCIAL RECORDS; AND 2) ORDER CONTINUING SEPTEMBER 29, 2020 SHOW-CAUSE HEARING TO OCTOBER 8, 2020**

On September 1, 2020 came on for hearing the Trustee's Motion for Turnover of Financial Records (the "Turnover Motion"),[1] and the Trustee's Motion for Order Finding Debtors in Civil Contempt of Court and Imposing Coercive Sanctions (the "Contempt Motion").[2] Following this hearing the Court entered on September 3, 2020 its Order Finding Eric C. Blue in Contempt of Court and Requiring Turnover of Financial Records (the "Contempt Order").[3] The Contempt Order provided methods by which Eric Blue ("Blue") could purge his contempt and imposed sanctions for failure to comply. The Contempt Order also directed that a show cause hearing be held on September 22, 2020 in the event the Court was informed that Blue had failed to purge his contempt.

---

[1] Docket No. 74.
[2] Docket No. 75.
[3] Docket No. 83.

**TRUSTEE'S STATUS REPORT OF NONCOMPLIANCE WITH ORDERS – PAGE 1 OF 7**

On September 14, 2020, the Trustee filed her Notice of Non-Compliance with Contempt Order.[4] As a result, the Court commenced a show cause hearing on September 22, 2020, and also considered a motion for continuance of the show cause hearing filed by Blue's newly-retained counsel. The Court continued the show cause hearing to September 29, 2020 (together, with the hearing held September 22, 2020, the "Show Cause Hearing"). After considering the evidence and argument of counsel at the Show Cause Hearing, the Court entered on September 30, 2020 its Order Continuing September 29, 2020 Show-Cause Hearing to October 8, 2020 (the "Continuance Order").[5] The Continuance Order continued the Show Cause Hearing on the conditions that Blue comply with certain filing and procedural deadlines and continue to supply the Trustee with financial and other documents in order to purge his contempt pursuant to the Contempt Order that remains in effect.

At the October 8, 2020 continued Show Cause Hearing, the Court heard evidence as to the status of Blue's compliance with the Contempt Order and the Continuance Order, and further continued the Show Cause Hearing to October 22, 2020. The Trustee files this Status Report regarding compliance or non-compliance by Blue to assist the Court with the continued hearing. Accordingly, the Trustee reports as follows:

1. Pursuant to the Continuance Order Blue, Capital Park Management Company, LLC ("CPMC"), and Capital Park Private Equity Partners LLC ("CPPEP") filed their Schedules and Statements of Financial Affairs ("SOFA") on October 15, 2020. However, the Schedules and SOFA are not in compliance with the Continuance Order as they contain numerous omissions, deficiencies, and inconsistencies as set forth below.

---

[4] Docket No. 86.
[5] Docket No. 99.

**TRUSTEE'S STATUS REPORT OF NONCOMPLIANCE WITH ORDERS** – **PAGE 2 OF 7**

A. **Blue's Schedules**.[6]

Blue has listed tangible personal property totaling $148,000.00 in his Schedule B, yet he has failed to provide any specific information regarding this personal property. The official instructions for preparing bankruptcy schedules, which are posted on this Court's website, require debtors to itemize and describe each item of personal property that has a value of $500.00 or more. Blue has failed to do this.

In Schedule C, Blue has claimed personal property exemptions pursuant to Section 42.001 of the Texas Property Code. Assuming Blue is entitled to a family exemption, he is entitled to claim personal property exemptions totaling $100,000.00. Blue has claimed personal property exemptions totaling $148,000.00 which exceeds the exemption limit by $48,000.00. Blue has also claimed an exemption for two watches in the amount of $40,000.00, which exceeds by $15,000.00 the statutory exemption limit for jewelry.

In Schedule E, Blue has listed the Internal Revenue Service ("IRS") as a creditor but has provided no information regarding the claim held by the IRS, including the tax year for which Blue owes taxes.

In Schedule F, Blue has listed 19 creditors. For 17 of the 19 creditors the amount owed is listed as "unknown." Blue has scheduled a debt owed to Brenda Carlin as unknown even though this debt is based upon a judgment obtained against Blue. In addition, Blue has listed a debt owed to Phelps Dunbar, LLP as unknown even though this creditor has filed a proof of claim in the case in the amount of $91,627.48. Blue has also listed the claim of Portfolio Secure Lone ("PSL") as unknown even though PSL has filed pleadings in this case indicating they have a claim in the amount of $3,000,000.00.

---

[6] Docket No. 108.

Blue has also listed all of the debts in his Schedule F as "contingent, unliquidated and disputed," despite the fact that a number of these debts are clearly neither contingent nor unliquidated.

Blue is currently the CEO of Bridgeway National Corporation ("Bridgeway"), which according to public filings is an investment company whose business purpose is to invest funds to earn returns from capital appreciation and investment. Blue also has a law degree and has practiced law for a number of years, specializing in antitrust, business and securities law. Based upon Blue's legal and business background he clearly understands the meaning of the words "contingent" and "unliquidated," so he knows that a number of the claims that he has scheduled as contingent and unliquidated are not contingent or unliquidated. Thus, Blue has made false representations in his Schedules about the nature of many, if not all, of the debts he owes.

B.  **Blue's SOFA**[7]

In Blue's SOFA the only income he has listed is for operating a business, yet on Schedule I, Part 2, Question 8, Blue lists his source of income as wages. There is no explanation provided in the SOFA or the schedules for this inconsistency regarding the source of Blue's income.

C.  **CPMC and CPPEP Schedules**[8]

In the Schedules that Blue filed on behalf of CPMC and CPPEP the only asset listed is $100,000.00 in cash, yet there is no information regarding the bank accounts of either CMPC or CPPEP, or the location of this cash.

Blue has also failed to include in the CPPEP Schedules the CPPEP bank account at JP Morgan Chase. The Trustee knows this account was open at least through July 31,

---

[7] Docket No. 109.
[8] Docket No. 26 in Case No. 19-33569, and Docket No. 24 in Case No. 19-33571.

**TRUSTEE'S STATUS REPORT OF NONCOMPLIANCE WITH ORDERS** – **PAGE 4 OF 7**

2019. If the account is still open then Blue should have listed it in CPPEP's Schedule B. If the account has been closed, then Blue should have disclosed that this account was closed in his response to Question 18 in CPPEP's SOFA.

D. **CPMC and CPPEP SOFAs**[9]

The SOFAs that Blue has filed on behalf of CPMC and CPPEP contain virtually no information. Both of these debtors have scheduled $100,000.00 in cash as assets owned as of the petition date, yet neither of these debtors has included any information regarding the source of this cash because they have failed to disclose any information regarding the revenue or income of either of these debtors.

The errors and omissions in these Schedules and SOFAs clearly demonstrate that Blue prepared these forms in a careless and offhand manner, with no real regard for his duties as a debtor and debtor's representative to prepare complete and accurate Schedules and SOFAs.

2. On October 19, 2020, the Debtors filed their Supplement to Debtors' Schedules and Statements of Financial Affairs (the "Supplement").[10] In the Supplement, the Debtors assert that they have made their "best good-faith efforts" to disclose in the Schedules and SOFA the information required by the Bankruptcy Code and Rules, the Contempt Order, and the Continuance Order. Further, that the preparation of the Schedules and SOFA required the Debtors to make "reasonable estimates and assumptions" with respect to the reported amounts thereon, and that actual amounts could "differ materially" from such estimates. These assertions are clearly false. Based on the numerous omissions, deficiencies, and inconsistencies set forth above, the Debtors have not done what they claim to have done in preparing the Schedules and SOFAs, and there clearly has not been a good faith effort to comply with the Contempt Order and/or the Continuance Order.

---

[9] Docket No. 27 in Case No. 19-33569, and Docket No. 25 in Case No. 19-33571.
[10] Docket No. 110.

**TRUSTEE'S STATUS REPORT OF NONCOMPLIANCE WITH ORDERS** – **PAGE 5 OF 7**

3.     Pursuant to the Continuance Order, Blue was to provide to the Trustee the latest filed tax returns and bank statements for the year prepetition (October 29, 2018 - October 29, 2019) until September 3, 2020 for all three Debtors by October 2, 2020. The Trustee received tax returns for Blue for years 2017 and 2018 on October 2, 2020, and for tax year 2019 on October 16, 2020. No tax returns have been received by the Trustee for CPMC or CPPEP. The Trustee received bank statements from Blue on October 2, 2020, and October 11, 2020. However, the production of bank statements is deficient. The Trustee is still missing bank statements for Blue for the period of October 29, 2018 through March 31, 2019. In order to account for gaps in production Blue's counsel informed the Trustee on October 11 that Blue's personal Wells Fargo account was garnished by Neill Wright and consequently that account was closed for insufficient minimum balance between the fourth quarter of 2019 and March 2020.[11] He further stated that Blue's personal Bank of America account was opened in March 2020, so there are no statements prior to that month. No bank statements have been provided for CPPEP after July 31, 2019. No bank statements at all have been provided for CPMC.

Based on the foregoing it is clear that there has not been a good faith effort by Blue to comply with the Contempt Order or the Continuance Order. Thus, Blue has not purged himself of the contempt previously found by this Court. Furthermore, the Trustee has incurred significant legal fees and expenses in the filing and prosecution of her Contempt Motion and in the several proceedings on this matter. In light of Blue's ongoing contempt, the Trustee believes that civil monetary sanctions should be imposed by this Court against Blue in the amount of $500.00 per day, payable to the Trustee, until Blue fully purges himself of his contempt.

---

[11] The Trustee did however receive bank statements for Blue's Wells Fargo account for all of the fourth quarter of 2019.

**TRUSTEE'S STATUS REPORT OF NONCOMPLIANCE WITH ORDERS – PAGE 6 OF 7**

WHEREFORE, PREMISES CONSIDERED, the Trustee requests that this Court enter a further order of contempt and impose monetary sanctions against Blue that he pay to the Trustee the sum of $500.00 per day, commencing on October 22, 2020, and that Blue continue to pay this sum until he has purged himself of his contempt by: (i) filing amended schedules and SOFAs that provide complete and accurate information and are prepared in accordance with the instructions for preparing these forms, and (ii) providing to the Trustee all of the bank statements and tax returns that Blue has been previously ordered to produce.

Dated: October 21, 2020.   Respectfully submitted,

**REED & ELMQUIST, P.C.**
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339 (direct)
(972) 923-0430 (fax)

By: */s/ David W. Elmquist*
David W. Elmquist – SBT #06591300

**ATTORNEYS FOR DIANE G. REED,
CHAPTER 7 TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 21, 2020, a true and correct copy of the foregoing Status Report has been served electronically on all registered ECF users in this case, which includes counsel of record to Debtor Eric C. Blue.

*/s/ David W. Elmquist*
David W. Elmquist