Mark A. Castillo
Texas State Bar No. 24027795
Robert C. Rowe
Texas State Bar No. 24086253
CURTIS | CASTILLO PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709
Email: mcastillo@curtislaw.net
rrowe@curtislaw.net

**COUNSEL FOR DEBTOR**
**ERIC C. BLUE**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 19-33568-7** |
| | § | |
| **Eric C. Blue, et al.,**[1] | § | **Chapter 7** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |
| | § | |
| | § | **Hearing Date and time (if known):** |
| | § | **May 25, 2021 @ 9:30 a.m.** |

**DEBTOR ERIC BLUE'S MOTION TO DISMISS JOINTLY ADMINISTERED INVOLUNTARY BANKRUPTCY CASES, NOS. 19-33568-7, 19-33569-7, AND 19-33571-7**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Debtor Eric Blue respectfully files this his Motion to Dismiss Jointly Administered Involuntary Bankruptcy Cases, Nos. 19-33568-7, 19-33569-7, AND 19-33571-7 (the "Motion") and respectfully shows the Court as follows:

**NO HEARING WILL BE CONDUCTED HEREON UNLESS A WRITTEN RESPONSE IS FILED WITH THE CLERK OF THE UNITED STATES BANKRUPTCY COURT AT THE EARLE CABELL FEDERAL BUILDING 1100 COMMERCE ST., RM. 1254, DALLAS, TX 75242-1496 BEFORE**

[1] The jointly administered Debtors are named to include Eric C. Blue, Capital Park Management Company, LLC, and Capital Park Private Equity Partners, LLC, Nos. 19-33568-7, 19-33569-7, and 19-33571-7, respectively.

**CLOSE OF BUSINESS ON MAY 7, 2021, WHICH IS AT LEAST 24 DAYS FROM THE DATE OF SERVICE HEREOF.**

**ANY RESPONSE SHALL BE IN WRITING AND FILED WITH THE CLERK, AND A COPY SHALL BE SERVED UPON COUNSEL FOR THE MOVING PARTY PRIOR TO THE DATE AND TIME SET FORTH HEREIN. IF A RESPONSE IS FILED A HEARING MAY BE HELD WITH NOTICE ONLY TO THE OBJECTING PARTY.**

**IF NO HEARING ON SUCH NOTICE OR MOTION IS TIMELY REQUESTED, THE RELIEF REQUESTED SHALL BE DEEMED TO BE UNOPPOSED, AND THE COURT MAY ENTER AN ORDER GRANTING THE RELIEF SOUGHT OR THE NOTICED ACTION MAY BE TAKEN**.

## I. EXECUTIVE SUMMARY

1. **A proposed global resolution of these bankruptcy cases**: Undeniably, these are not typical chapter 7 bankruptcy cases. Difficult cases sometimes require creative solutions. Debtor has reached out to counsel for each of his creditors (there are only 7 creditors in the main, individual case) and both the U.S. Trustee and the Chapter 7 Trustee to propose various resolutions of the numerous issues and believes this is the best and most-reasonable path forward for all involved.

2. **The Debtor's 3 largest creditors will be unaffected**: JHT (~$11 million) and PSL (~$7 million), already have final judgments. Through counsel, the Debtor has attempted to reach payment terms with these two large creditors, but they have not accepted; regardless, as explained herein, their claims will not be prejudiced by this Motion. *Conditioned upon this Motion being granted and bankruptcy cases dismissed*, the Debtor will waive his discharge as to the prepetition claims of the creditors in his case. A third large creditor (unliquidated but alleged in the $millions), seeks only to obtain payment from an insurance company; their claim too will not be prejudiced by this Motion.

3. **The Debtor's smaller 4 creditors will receive payments**: As for the much smaller remaining four creditors, *conditioned upon this Motion being granted and bankruptcy cases dismissed*, they would receive distributions from the Debtor as outlined below, in exchange for releases of their claims.

4. **The Debtor will pay additional amounts**. The Debtor already is in the process of paying the other amounts ordered to be paid by prior Court order.[2] As outlined below, the Debtor also will pay for the remaining costs of administration borne by the Trustee.

## II. PROCEDURAL AND FACTUAL BACKGROUND

5. These involuntary chapter 7 bankruptcy cases have been pending since October 2019, and numerous pleadings and orders may be reviewed to recount the myriad proceedings herein.

6. Over the last few months, Debtor has negotiated with his creditors and constituents to propose the resolution discussed herein.

7. Currently, the Debtor faces a section 727 discharge adversary by the U.S. Trustee seeking dismissal and/or loss of discharge, and various discovery, compel, and turnover matters by the Chapter 7 Trustee. This Motion allows the U.S. Trustee to eat his cake and have it too, dismissing the bankruptcy and waiving the discharge for these creditors.

## III. RELIEF REQUESTED AND GROUNDS FOR RELIEF

8. Debtor seeks dismissal of the bankruptcy cases so he may waive his discharge and make payments to creditors in excess of amounts they would receive without this proposal.

9. The Court may dismiss a chapter 7 case for cause, after notice and a hearing. 11 U.S.C. § 707(a); Fed. R. Bankr. P. 1017(a). Cause exists for dismissal because the only way

[2] *See, e.g.*, Debtor's Notice of Payments, Docket 191.

creditors can reasonably expect any meaningful distribution is via dismissal and later payment by the Debtor. There are few creditor constituents in these cases:

a) ~~Claim 1~~ – Amended and superseded by Claim No. 5[3]

b) Claim 2 – $42,884 repo claim of Santander Consumer USA Inc. – Debtor intends to pay $5,000 after entry of the Court's Dismissal Order.

c) Claim 3 – $10,050 DSO claim of Christina Johnson – Debtor intends to pay in full after entry of the Court's Dismissal Order.

d) Claim 4 – $11 million default Final Judgment of JHT Holdings, Inc. – Debtor will waive his discharge contemporaneously with entry of the Court's Dismissal Order.

e) Claim 5 – $104,982 Final Judgment of Phelps Dunbar LLP – Debtor will attempt to reach a resolve of between $15,000 and $20,000 after entry of the Court's Dismissal Order for a release of this claim.

f) Claim 6 – $7.5 million default Final Judgment of Portfolio Secure Lone LLC and Arthur Maxwell – Debtor will waive his discharge contemporaneously with entry of the Court's Dismissal Order.

g) ~~Claim 7~~ – See Claim No. 6 (same Final Judgment)

h) Claim 8 – $123,420 Final Judgment of Neill Wright – Debtor will pay $45,000 within 5 business days of entry of the Court's Dismissal Order for a release of this claim.

i) Claim 9 – Unliquidated securities claim of Piney Lake Opportunities ECI Master Fund, L.P. – Stay will lift to allow fund to seek collection against insurer.

j) Contempt payments – Debtor will make these payments regardless of this Motion.

[3] Claim No. 5 does not indicate it is an amendment of Claim No. 1, but that is what it is.

k) Chapter 7 Trustee fees – Debtor will pay all additional reasonable and necessary Trustee fees incurred in this case and approved by the Court above the $40,000 in contempt fees already being paid to the Court's clerk for later distribution to Trustee counsel for Trustee fees.

10. Debtor will use non-estate property, consisting of post-petition income and/or loans to make the payments discussed herein. The dismissal is in the best interest of the creditors and the bankruptcy estate because the Debtor is waiving his section 727 discharge in exchange for the dismissal and creditors may pursue collection of their claims and judgments against the Debtor outside of bankruptcy and against the Debtor's pre- and post-petition assets.

11. This proposed waiver and dismissal promises the best possible outcome for all parties involved. Furthermore, to secure the dismissal of these cases, the Debtor also affirms he will pay all reasonable and necessary attorney's fees and expenses incurred in this case by the Trustees and the Court.[4]

12. **Without approval of this Motion, creditors will receive nothing. This estate is administratively insolvent:**

a. Known estate assets:

i. $40,000 contempt fees (1/3 paid thus far)

ii. $12,712 tax refund (paid)

iii. $4,000 cash (paid)

**iv. Total: $56,712**

---

[4] *See, e.g., In re Gallman,* 6 B.R. 1 (Bankr.N.D.Ga. 1980) (absent compelling circumstances, the decision to voluntarily dismiss a bankruptcy case should not be opposed by a trustee whose reasonable and necessary attorney's fees are paid); *see also In re Martinez-Held*, 19 Fla. L. Weekly Fed. B 392, 2006 Bankr. LEXIS 2451 (Bankr. S.D. Fla. June 16, 2006) (trustee's objection to voluntary dismissal was improper where there were no "substantial assets" for liquidation to pay trustee's costs and fees).

b. Known estate liabilities:

i. ~$150,000 fees incurred by Baker Botts and Reed Elmquist to date

**ii. Total: $150,000**

c. Potential additional estate assets:

i. ~$80,000 used vehicle in D.C. (exemption in dispute)

ii. ~$20,000-$40,000 in watches in D.C. (exemption in dispute)

iii. unknown tax refund for year 2019

d. Potential additional estate liabilities:

i. ~$8,250 Trustee commissions (assuming $100k distributed)

ii. ~$5,000 costs of insuring, transporting, auctioning property

13. With administrative expenses continuing to mount, and limited estate assets to begin with, there simply will not be any meaningful dividend to the creditors in this case with claims approaching $20 million. The Debtor's proposal to dismiss his case, waive his discharge, and pay the smaller claims post-dismissal is the most beneficial course for this case to take.

WHEREFORE, PREMISES CONSIDERED, Mr. Blue respectfully requests the Court grant all relief requested by this Motion, allow Mr. Blue's conditional waiver of discharge, grant immediate dismissal of these three bankruptcy cases, and order return of all property and funds of the estate back to the Debtor to the extent not necessary to pay the reasonable and necessary Trustee fees incurred in this case and approved by the Court. Mr. Blue also requests all other relief, at law, or in equity, which is just under the circumstances.

Dated: April 13, 2021

Respectfully submitted,

*/s/ Mark A. Castillo*
Mark A. Castillo
Texas State Bar No. 24027795
Robert C. Rowe
Texas State Bar No. 24086253
CURTIS | CASTILLO PC
901 Main Street, Suite 6515
Dallas, Texas 75202
Telephone: 214.752.2222
Facsimile: 214.752.0709
Email: mcastillo@curtislaw.net
rrowe@curtislaw.net

**COUNSEL FOR DEBTOR**
**ERIC C. BLUE**

## CERTIFICATE OF CONFERENCE

The undersigned certifies on April 13, 2021, that, prior to filing the foregoing document, he conferred with counsel for various creditors and parties in interest in this case. Subject to the details, counsel for the U.S. Trustee was not opposed to the concept of dismissal if it includes a waiver of discharge, which it does. The Debtor's waiver is a component of this dismissal request.

*/s/ Mark A. Castillo*
Mark A. Castillo

## CERTIFICATE OF SERVICE

The undersigned certifies that, on April 13, 2021, a true and correct copy of the foregoing document was served by the Court's CM/ECF system on all parties requesting or consenting to such service in this case and otherwise by U.S. Mail, postage prepaid, upon all creditors on the mailing matrixes for each bankruptcy case.

*/s/ Robert C. Rowe*
Robert C. Rowe