David W. Elmquist – SBT #06591300
**REED & ELMQUIST, P.C.**
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339 (direct)
(972) 923-0430 (fax)

**ATTORNEYS FOR DIANE G. REED,
CHAPTER 7 TRUSTEE**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| In re:<br><br>ERIC C. BLUE, *et al.*,<br><br>Debtors. | §<br>§<br>§ CASE NO. 19-33568-MVL-7<br>§ (Jointly Administered)<br>§ **Hearing Date: April 5, 2022**<br>§ **Hearing Time: 9:30 a.m.** |

**TRUSTEE'S MOTION TO SHOW CAUSE WHY DEBTOR, ERIC C. BLUE, SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO TURN OVER PROPERTY OF THE ESTATE PURSUANT TO THE ORDER GRANTING IN PART AND DENYING IN PART TRUSTEE'S AMENDED OBJECTIONS TO DEBTOR'S CLAIM OF EXEMPT PROPERTY, AND THE SUPPLEMENTAL ORDER THERETO**

TO THE HONORABLE MICHELLE V. LARSON, U.S. BANKRUPTCY JUDGE:

Diane G. Reed, Chapter 7 Trustee (the "Trustee") for the bankruptcy estates of the above-referenced Debtors, files this Motion to Show Cause Why Debtor, Eric C. Blue, Should Not Be Held in Contempt for Failure to Turn Over Property of the Estate Pursuant to the Order Granting in Part and Denying in Part Trustee's Amended Objections to Debtor's Claim of Exempt Property, and the Supplemental Order Thereto (the "Motion"), and in support thereof would respectfully show the Court the following:

### I.    Introductory Statement

1. This is the fifth time the Trustee has been compelled to file a motion seeking to hold Eric C. Blue ("Blue" or the "Debtor") in contempt of court due to his willful disregard of orders entered by this Court. In this instance the Debtor has knowingly violated orders directing

him to turn over two (2) watches by December 17, 2021, and a vehicle by January 3, 2022, as more fully described below.

## II. Jurisdiction and Venue

1. This Court has jurisdiction to consider the relief requested herein pursuant to 28 U.S.C. § 1334(b) and the standing order of reference of the District Court. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2)(H).

2. Venue is proper before this Court pursuant to 28 U.S.C. § 1409.

## III. Factual and Procedural Background

3. On December 3, 2021 this Court entered its Order Granting in Part and Denying in Part Trustee's Amended Objections to Debtor's Claim of Exempt Property (the "Exemptions Order").[1] The Exemptions Order directed Blue to do the following:

    a. Provide the Trustee, through her counsel, with proof of insurance on the 2019 Land Rover Range Rover, VIN: SALG55RE2KA551041 (the "Range Rover") within three (3) business days of the entry of the Exemptions Order (which was December 8, 2021).

    b. Either amend his Schedules B and C, or provide the Trustee, through her counsel, with a detailed list (using the form attached as Exhibit A to the Exemptions Order), under penalty of perjury, of all personal property held by the Debtor (including any claim of exemption) with associated values as of the Petition Date, by no later than December 17, 2021.

    c. Turn over an Audemars Piguet Royal Oak Offshore 37mm Chronograph and an Audemars Piguet Royal Oak 41mm selfwinding watch (the "Watches"), together

---

[1] Docket No. 317.
**TRUSTEE'S MOTION TO SHOW CAUSE WHY DEBTOR, ERIC C. BLUE, SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO TURN OVER PROPERTY OF THE ESTATE PURSUANT TO COURT ORDERS - Page 2 of 5**

with all documentation associated with the Watches, to the Trustee within fourteen (14) days of the entry of the Exemptions Order (which was December 17, 2021).

4. As stated in the Certificate of Service filed by the Trustee on December 3, 2021,[2] the Exemptions Order was served on the Debtor the same day as its entry by email as directed by the Court.

5. On December 20, 2021, the Trustee, through counsel, filed a Notice of Noncompliance with Order Granting in Part and Denying in Part Trustee's Amended Objections to Debtor's Claim of Exempt Property, certifying that as of the filing of such notice, the Debtor had not complied with any of the foregoing directives in the Exemptions Order, nor had the Debtor contacted the undersigned.[3]

6. Thereafter, on December 22, 2021, this Court entered its Supplemental Order in Connection with Trustee's Objection to Exemptions Ordering Eric C. Blue to Turn Over Possession of Vehicle to Chapter 7 Trustee (the "Supplemental Order") directing Blue to turn over possession of the Range Rover to the Trustee, through her counsel, within ten (10) days of the entry of the Supplemental Order (which was January 3, 2022).[4]

7. On January 4, 2022, the Trustee, through counsel, filed a Notice of Noncompliance with Supplemental Order in Connection with Trustee's Objection to Exemptions Ordering Eric C. Blue to Turn Over Possession of Vehicle to Chapter 7 Trustee, certifying that as of the filing of such notice, the Debtor had not turned over possession of the Range Rover to the Trustee as directed in the Supplemental Order, nor had the Debtor contacted the undersigned.[5]

---

[2] Docket No. 318.
[3] Docket No. 319.
[4] Docket No. 320.
[5] Docket No. 322.

8. As of the date of the filing of this Motion, none of this Court's directives in the Exemptions Order and the Supplemental Order have been complied with by the Debtor, especially the turnover of the Watches and the Range Rover as ordered by this Court.

### IV. Relief Requested and Basis for Relief

9. In light of the foregoing, the Trustee requests that this Court enter an order requiring Blue to appear and show cause why he should not be held in contempt for his failure to turn over the Watches to the Trustee and comply with other directives as ordered in the Exemptions Order.[6] The Trustee further requests that this Court enter an order requiring Blue to show cause why he should not be held in contempt for his failure to turn over the Range Rover to the Trustee as ordered in the Supplemental Order.[7]

10. Section 105(a) of the Bankruptcy Code authorizes the court to "issue any order, process, or judgment that is necessary to carry out the provisions of this title." 11 U.S.C. § 105(a). Moreover, the Court has "inherent authority to enforce its own orders...by civil contempt proceedings." *In re All Trac Transportation, Inc.*, 306 B.R. 859, 875 (Bankr. N.D.Tex. 2004 (internal citations omitted).[8] The sanctions that this Court may impose, which are hereby requested by the Trustee, include ordering Blue to pay the attorneys' fees and expenses incurred by the Trustee in the filing and prosecution of this Motion.[9] Given that this is the fifth time the Trustee has been compelled to file a motion for contempt or a show cause motion, and has once again incurred attorney's fees and costs in bringing this Motion, this Court should impose additional monetary sanctions against Blue by ordering him to pay the Trustee's reasonable attorney's fees and expenses in preparing, filing and prosecuting this Motion.

---

[6] Docket No. 317.

[7] Docket No. 320.

[8] Rule 9014 governs a motion for an order of contempt made by the United States Trustee or a party in interest." Bankruptcy Rule 9020.

[9] *In re Paige*, 365 B.R. 632, 639 (Bankr. N.D. Tex. 2007).

**TRUSTEE'S MOTION TO SHOW CAUSE WHY DEBTOR, ERIC C. BLUE, SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO TURN OVER PROPERTY OF THE ESTATE PURSUANT TO COURT ORDERS** - Page 4 of 5

WHEREFORE, the Trustee respectfully requests that this Court (1) issue an order to show cause why Blue should not be held in contempt for his failure to turn over the Watches to the Trustee and comply with other directives as ordered in the Exemptions Order; and his failure to turn over the Range Rover to the Trustee as ordered in the Supplemental Order; (2) impose appropriate sanctions against Blue, including reimbursement of the Trustee's attorney's fees and costs; and (3) grant the Trustee such other and further relief to which she may be entitled.

Dated: March 15, 2022.

Respectfully submitted,

**REED & ELMQUIST, P.C.**
501 N. College Street
Waxahachie, TX 75165
(972) 938-7339
(972) 923-0430 (fax)

By  */s/ David W. Elmquist*
    David W. Elmquist, SBT #06591300

**ATTORNEYS FOR DIANE G. REED,
CHAPTER 7 TRUSTEE**

### CERTIFICATE OF CONFERENCE

The undersigned hereby certifies that on March 11, 2022 he sent an email to Eric Blue, concerning the foregoing Motion, but no response has been received.

*/s/ David W. Elmquist*
David W. Elmquist

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 15, 2022, a true and correct copy of the foregoing Motion was served electronically on all registered ECF users in this case, and on Debtor, Eric C. Blue, electronically at eric.blue@bridgewaynational.com, and by first class mail as follows:

Eric C. Blue
1331 Maryland Ave. SW, Apt. 1112
Washington, DC 20024-2858

*/s/ David W. Elmquist*
David W. Elmquist